UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK L. RICHARDSON,<br>    Petitioner,<br>  v.<br>CARLOS ARCE,<br>    Respondent. | Case No. 24-cv-08416-WHO (PR)<br><br>**ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND** |

## INTRODUCTION

Petitioner Patrick L. Richardson seeks federal habeas relief under 28 U.S.C. § 2254 from the state courts' denials of his petitions to be resentenced under state resentencing statutes. The amended petition for habeas relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The amended petition for such relief is DISMISSED with leave to amend because Richardson has not identified what state court decision(s) he is challenging. In his second amended petition, Richardson must name court decision(s) he is challenging, and provide important details such as the date of the decision and what reasons the state court gave for denying his petition. The amended petition shall be filed on or before **August 1, 2025**. Failure to file a proper amended petition by August 1, 2025 likely will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**BACKGROUND**

Richardson was convicted in the Monterey County Superior Court of first degree murder, three counts of residential burglary, burglary, two counts of assault with a deadly weapon, unlawful penetration, and conspiracy to commit robbery. *Richardson v. Galaza*, C 97-20847 JF, Order Denying Habeas Petition, Dkt. No. 130 at 1. Enhancements for the use of a firearm were found to be true. *Id.* In 1992, a sentence of life without the possibility of parole, with a concurrent sentence of fifteen years and eight months, was imposed. *Id.* His federal habeas petition was denied, *id.* at 15, and his appeal of that denial was terminated when the Ninth Circuit Court of Appeals denied his request for a Certificate of Appealability, Dkt. No. 138. In the present petition, Richardson challenges the state courts' denials of his resentencing petitions.

His original petition was dismissed with leave to amend:

> Richardson has not articulated any basis, factual or legal, for challenging the denials of the resentencing petitions. He says he brought one resentencing petition under California Penal Code section 1172.6; and another under "numerous new laws." He does not explain what new evidence he submitted, why it is relevant, and how the judge erred in denying his motions. He does not explain what laws were enacted that required resentencing. His petition is insufficient to state any claim for relief.

(Order Dismissing Petition, Dkt. No. 4 at 2.)

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or

patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Richardson claims that his due process rights were violated when the state court failed to properly consider new evidence and the effect of new laws. (Am. Pet., Dkt. No. 6 at 5.) While these may state claims for relief, Richardson has not specified which court failed to consider the new evidence and laws, what reasons it gave for the denial, and when the denial was issued. Nor has he stated which state law or laws entitled him to relief in the state courts. Such information is significant because I must determine whether Richardson has exhausted his claims in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

The only court Richardson names in the petition is the Monterey County Superior Court, in which he raised "[g]rounds pertaining to the confines of p.c. 1172.6 (none similar to the present issues." (*Id.* at 3.) He further states that the superior court's decision is under appeal. (*Id.*) It appears then that the state petition is not relevant to the claims he is pursuing in federal court: "none similar to the present issues." If it is not relevant, it is not clear whether Richardson has exhausted his claims. However, if it is relevant, then his claims are unexhausted, the superior court's decision being on appeal. After that appeal has been decided, Alexander would then have to petition the state supreme court for review in order to exhaust.

The petition will be dismissed with leave to amend.

## CONCLUSION

The amended petition is DISMISSED with leave to file an amended petition on or before **August 1, 2025**.  The petition must appear on this Court's form, a copy of which will be sent to him.  <u>Failure to file a proper amended petition by August 1, 2025 will result in the dismissal of this habeas action under Federal Rule of Civil Procedure 41(b) for failure to prosecute</u>.

**IT IS SO ORDERED.**

**Dated:** June 17, 2025



WILLIAM H. ORRICK
United States District Judge